UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                             Case No. 12-11852

CHIQUITA HAMILTON, a.k.a.                   HON. AVERN COHN
CHIQUITA SMITH, a.k.a.
CHIQUITA WILLIAMS,

     Defendant.
_____/

## ORDER CONSTRUING DEFENDANT'S "RESPONSE TO SUMMONS IN A CIVIL ACTION" (Doc. 8) AS A MOTION TO SET ASIDE DEFAULT JUDGMENT AND DENYING THE MOTION TO SET ASIDE DEFAULT JUDGMENT

### I. Introduction

This is a student loan case. In 1989, defendant took out a student loan in the amount of $3,300.00 at a variable rate of interest. Defendant defaulted by failing to make a single payment on the loan. Eventually, the government was assigned the right to collect on the loan and filed this action. Defendant failed to appear in the case after service. As will be explained, the government obtained a Clerk's Entry of Default and Clerk's Entry of Judgment by Default due to defendant's failure to appear or defend. Two days later after the judgment entered and the case was closed, the Court received a paper from defendant styled "Response to Summons in Civil Action," in which defendant generally denies her obligation to repay the debt. The government filed a response to this paper, which appears to treat defendant's filing as a motion to set aside the default judgment. For the reasons that follow, the Court construes defendant's paper as a motion to set aside the default judgment and DENIES the motion.

## II.  Background

On March 22, 1989, defendant took out a loan from Citibank (N.Y.S.) to attend Fort

Valley State College.  The loan was guaranteed by Northstar Guarantee, Inc. (Guarantor),

and then reinsured by the United States Department of Education.  After defendant

defaulted, the holder of the promissory note filed a claim with the Guarantor.  The

Guarantor paid the claim, and was later reimbursed by the Department of Education.

When the Guarantor was unable to collect on the debt, it assigned its right and title to the

loan to the government, through the Department of Education.

The governed filed a complaint against defendant on April 25, 2012.  Defendant

was personally served on June 19, 2012.  After receiving the complaint, defendant called

the government's counsel's office on June 20, 2012, stating she made an arrangement

with the Department of Education to place all of her student loans in deferment while she

continued to pursue her MBA.  The government's counsel then contacted the Department

of Education regarding defendant's statement, and was advised that the loan which is the

subject of this case is not under any deferment and is not eligible for any deferment.  The

government's counsel informed defendant of this information in correspondence dated

June 27, 2012.  On June 29, 2012, defendant again contacted the government's counsel.

During the conversation, the government again explained that the loan was not in

deferment.  After that date, the government received no further contact from defendant.

Defendant also did not file an answer to the complaint.

On July 20, 2012, the government submitted a Request for Clerk's Entry of Default

and a Request for Judgment by Default.  The Clerk entered a Clerk's Entry of Default

(Doc. 6) and a Clerk's Entry of Judgment by Default (Doc. 7) against defendant on July

23, 2012.[1]  Two days later, on July 25, 2012, defendant filed a "Response to Summons in Civil Action" denying responsibility for the debt.  On August 6, 2012, the government filed a response to defendant's filing, essentially arguing that the default judgment should not be set aside.

### III.  Discussion

When reviewing pro se papers, the Court must employ standards less stringent than if the complaint had been drafted by counsel.  Haines v. Kerner, 404 U.S. 519 (1972); Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972).  Here, plaintiff's filing is appropriately construed as a motion to set aside the default judgment.

Fed. R. Civ. P. 55(c) governs setting aside a default.  It reads:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The decision to set aside a default is left to the court's discretion.  Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 193 (6th Cir. 1984).

Rule 60(b) sets forth the following grounds for setting aside a default judgment: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other relief justifying relief from judgment. Fed. R .Civ. P. 60(b)(1)-(6).  The Court must apply Rule 60(b) "equitably and liberally  . . . to achieve substantial justice."  United Coin Meter Co. v. Seaboard Coastal Line R.R., 705 F.2d 839, 844–45 (6th Cir. 1983).  The decision to vacate a default

---

[1]The Judgment is against defendant in the principal amount of $4,511.69 plus prejudgment interest in the amount of $6,341.11, plus costs of $350.00, for a total judgment of $11,202.80 plus post judgment interest.

judgment is entrusted to the trial court's discretion.  In re Walter, 282 F.3d 434, 440 (6th Cir. 2002).

In United Coin Meter Co., 705 F.2d at 845, the Sixth Circuit set forth three factors to be considered in deciding a Rule 60(b) motion:  (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default.  The Sixth Circuit has further explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1).  See Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992).

Defendant has not satisfied this standard.  Defendant was served with the summons and complaint.  Although she contacted the government's counsel after she was served, she did not file an anser or otherwise appear in the case.  As to the merits of defendant's defense– that this loan is currently in a deferred status while she attends graduate school - defendant has produced no evidence in support of her claim.  As explained in the government's papers, including written communication with defendant, the loan which is the subject of this case is not eligible for deferment.  Further, the Certificate of Indebtedness attached to the complaint is prima facie evidence of defendant's indebtedness.  Defendant's unsupported statements are insufficient to meet her burden to set aside the default judgment.

SO ORDERED.

s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 23, 2013

Detroit, Michigan

4

12-11852 United States of America v. Chiquita Hamiliton

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 23, 2013, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160