UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                  Case No. 12-11852

CHIQUITA HAMILTON, a.k.a.                                                HON. AVERN COHN
CHIQUITA SMITH, a.k.a.
CHIQUITA WILLIAMS,

    Defendant.
_____/

## ORDER FOLLOWING HEARING ON DEFENDANT'S REQUEST FOR HEARING RELATING TO GARNISHMENT (Doc. 21)

### I. Introduction

This is a student loan case. In 1989, defendant took out a student loan in the amount of $3,300.00 at a variable rate of interest. Defendant defaulted by failing to make payment on the loan. Eventually, the government was assigned the right to collect on the loan; it filed this action. Defendant failed to appear in the case. A default judgment was entered against her in the principal amount of $4,511.69 plus prejudgment interest in the amount of $6,341.11, and costs of $350.00, for a total of $11,202.80 plus post judgment interest. The government began collection actions which resulted in the issuance of several writs of garnishment.

On June 17, 2013, defendant filed a request for hearing relating to garnishment. (Doc. 21). The Court held a hearing on July 24, 2013, at which defendant presented arguments regarding her obligation to pay the debt. As will be explained, none of defendant's arguments carry the day. The judgment against defendant remains valid

and enforceable.

## II. Background

On March 22, 1989, defendant took out a loan from Citibank (N.Y.S.) to attend Fort Valley State College. The loan was guaranteed by Northstar Guarantee, Inc. (Guarantor), and then reinsured by the United States Department of Education. After defendant defaulted, the holder of the promissory note filed a claim with the Guarantor. The Guarantor paid the claim, and was later reimbursed by the Department of Education. When the Guarantor was unable to collect on the debt, it assigned its right and title to the loan to the government, through the Department of Education.

On April 25, 2012, the governed filed a complaint against defendant seeking to collect on the loan. (Doc. 1). On June 26, 2012, a certificate of service was filed, stating that defendant was served with the summons and complaint on June 19, 2012. (Doc. 3). According to the government's counsel, defendant called the government's counsel's office on June 20, 2012, stating she had made an arrangement with the Department of Education to place all of her student loans in deferment while she continued to pursue her MBA. The government's counsel then contacted the Department of Education regarding defendant's statement, and was advised that the loan which is the subject of this case is not under any deferment and is not eligible for any deferment. The government's counsel informed defendant of this information in correspondence dated June 27, 2012. On June 29, 2012, defendant again contacted the government's counsel. During the conversation, the government's counsel again explained that the loan was not in deferment. After that date, the government's counsel had no further contact with defendant. Defendant also did not file an answer to the

complaint.

On July 20, 2012, the government submitted a Request for Clerk's Entry of Default and a Request for Judgment by Default. (Docs. 4, 5). On July 23, 2012, the Clerk entered a Clerk's Entry of Default (Doc. 6) and a Clerk's Entry of Judgment by Default (Doc. 7),. Two days later, on July 25, 2012, defendant filed a "Response to Summons in Civil Action" denying responsibility for the debt. (Doc. 8). On August 6, 2012, the government filed a response to defendant's filing, essentially arguing that the default judgment should not be set aside. (Doc. 9). On January 23, 2013, the Court treated defendant's filing as a motion to set aside the default judgment and denied the motion. (Doc. 11).

On June 17, 2013, defendant filed a request for hearing. (Doc. 21). Attached to the request for hearing is a paper styled "Official Response to Summons," in which defendant argues that she was never properly served, there are deficiencies in the paperwork, i.e. her social security number is incorrect, and she is not obligated to pay the loan as she is still in school and all of her loans are in a deferment status. The government filed a response (Doc. 25), contending that defendant has already admitted she was served with the complaint and her other defenses lack merit.

### III.  Legal Standards

As an initial matter, when reviewing pro se papers, the Court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972); Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972). Here, plaintiff's request for hearing and "Official Response to Summons" could be construed either as a motion for reconsideration of the denial of her motion to set aside the default

3

judgment or as a second motion for relief from judgment. Either way, defendant is not entitled to relief, as will be explained.

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration. It provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Restating arguments does not establish a defect or that the Court was misled. See Intercontinental Electronics, S.p.A. v. Roosen, 210 F. App'x 491, **3 (6th Cir. 2006).

Rule 60(b) sets forth the following grounds for setting aside a default judgment: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other relief justifying relief from judgment. Fed. R .Civ. P. 60(b)(1)-(6). The Court must apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." United Coin Meter Co. v. Seaboard Coastal Line R.R., 705 F.2d 839, 844–45 (6th Cir. 1983). The decision to vacate a default judgment is entrusted to the trial court's discretion. In re Walter, 282 F.3d 434, 440 (6th Cir. 2002).

In United Coin Meter Co., 705 F.2d at 845, the Sixth Circuit set forth three factors to be considered in deciding a Rule 60(b) motion: (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. The Sixth Circuit has further

4

explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1). See Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992).

### IV.  Discussion

Defendant has not satisfied the standards for reconsideration or relief from judgment.  Defendant's argument as to service lacks merit.  The record shows defendant was served with the summons and complaint.  Moreover, her defenses do not carry the day.  As stated previously, the government's counsel has explained to defendant that the loan which is the subject of this case is not eligible for deferment, regardless of whether she is still attending school.  Moreover, her argument regarding an incorrect social security number is not a defense.  Indeed, defendant has not argued that she did not apply for and receive this loan; she contends only that the loan should be deferred.  The judgment against defendant is valid and enforceable.  That said, the parties would be well-advised to discuss settlement options, including a reasonable payment plan, for satisfying the judgment.

SO ORDERED.

 S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 13, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami  
Case Manager, (313) 234-5160